**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| MELCHISHUA WILLIAMS,<br><br>Plaintiff<br><br>v.<br><br>BEAR PROPERTY MANAGEMENT, INC.<br>d/b/a East National Flats<br><br>Defendant. | CIVIL ACTION<br>CASE NO.: 26-cv-1807<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Melchishua Williams, by counsel, hereby files his Complaint against Defendant Bear Property Management, Inc. d/b/a East National Flats ("Defendant") as follows:

**INTRODUCTION**

1. This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is also a "user" of consumer reports as that term is used in the FCRA.

3. As set forth below, Defendant requested and obtained Plaintiff's consumer report from SafeRent Solutions ("SafeRent") and, by extension, Hone Data LLC d/b/a Themis Data Solutions and LexisNexis Consumer Center, through whom SafeRent obtains information from to generate consumer reports to furnish to its business partners, including Defendant, without a permissible purpose under the FCRA (the "Impermissible Inquiry").

4. As a result of Defendant's wrongful access to Plaintiff's consumer reports as described herein, Plaintiff has suffered invasion of his privacy and other damages as set forth below.

5. Plaintiff has been harmed by Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

6. At all times material to this action, Plaintiff was a resident of Indiana.

7. At all times material to this action, Defendant was a Wisconsin domestic business with its principal place of business at 4011 80th Street, Kenosha, WI 53142. Defendant does business in this District.

8. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Martha L. Mills, 4011 80th Street, Kenosha, WI 53142.

9. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

10. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff lives in Gary, Indiana.

13. In mid-2026, Plaintiff applied for housing with Defendant (the "Application").

14. Defendant did not respond to the Application promptly.

15. On July 21, 2026, Defendant responded to Plaintiff the Application via email, acknowledging its delayed response and extending Plaintiff two options: (1) a full refund of the

application fee (i.e., abandoning the application for housing) or (2) continue with the screening process.

16. Plaintiff responded to Defendant on July 21, 2026, advising it that he elected to proceed with a refund of his application fee, effectively withdrawing the Application.

17. As of July 21, 2026, the Application was withdrawn, and Defendant was instructed that the process moving forward would be a refund of the application fee.

18. Despite being advised of Plaintiff's acceptance of the refund, Defendant subsequently requested Plaintiff's consumer report from SafeRent Solutions and, by extension, Hone Data LLC d/b/a Themis Data Solutions and LexisNexis Consumer Center, through whom SafeRent obtains information to generate consumer reports to furnish to their business partners, including Defendant.

19. The Impermissible Inquiry was performed on August 11, 2026, a full three weeks after Plaintiff had withdrawn the Application.

20. As of July 21, 2026, Defendant had no reason to believe that it had a permissible purpose, as defined by the FCRA, to request and obtain Plaintiff's consumer reports from any credit reporting agency.

21. Defendant did not have any of the permissible purposes enumerated by § 1681b of the FCRA at the time of the Impermissible Inquiry.

22. Defendant did not make the Impermissible Inquiry with the intent to use the information in connection with a consumer transaction involving Plaintiff and involving the extension of credit to Plaintiff.

23. Defendant did not make the Impermissible Inquiry with the intent to use the information in connection with the review or collection of an account of Plaintiff.

24. Defendant did not make the Impermissible Inquiry with the intent to use the information for employment purposes.

25. Defendant did not make the Impermissible Inquiry intending to use the information in connection with the underwriting of insurance involving Plaintiff.

26. Defendant did not make the Impermissible Inquiry with the intent to use the information in collection for Plaintiff's eligibility for a license or other benefit granted by a government instrumentality.

27. Defendant did not make the Impermissible Inquiry with the intent to use the information as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, and existing credit obligation of Plaintiff.

28. Defendant did not make the Impermissible Inquiry in connection with a business transaction that was initiated by Plaintiff.

29. Defendant did not make the Impermissible Inquiry to review an account to determine whether Plaintiff continued to meet the terms of the account.

30. At the time of the Impermissible Inquiry, Plaintiff had no business relationship with Defendant that required his consumer report to be pulled.

31. As a result of Defendant's wrongful conduct described above, Plaintiff experienced emotional distress and worry over what Defendant has done with his private information and which of Defendant's employees have had access to it; invasion of his privacy because Defendant was not authorized to review Plaintiff's private consumer reports and account information; anger that Defendant requested and obtained his consumer reports when he explicitly notified Defendant that he wished to receive a refund, effectively withdrawing the

Application; and, the time and work required to review his credit files to identify Defendant's impermissible access to his credit reports.

32. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

**COUNT I**
***Violation of 15 U.S.C. 1681b(a)***

33. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

34. Defendant negligently or, in the alternative, willfully violated 15 U.S.C.1681 b(a) by requesting and obtaining Plaintiff's consumer report from SafeRent without a permissible purpose.

35. As a result, Plaintiff has suffered the harm set forth above and is entitled to recover his actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a)(1).

36. In the alternative, Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

37. As a result of Defendant's reckless and intentional violations described above, Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

38. Plaintiff is also entitled to his attorney's fees and costs pursuant to 15 U.S.C. 1681o(a)(2).

**DEMAND FOR JURY TRIAL**

39. Plaintiff exercises his right to a trial by jury on all issues so triable.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and

costs, that he have a trial by jury, and all other relief deemed just, equitable, and proper by the Court.

Dated: September 30, 2026.

Respectfully submitted,

*/s/ Nathan E. DeLadurantey*
Nathan E. DeLadurantey, 1063937
**DELADURANTEY LAW OFFICE, LLC**
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
E: nathan@dela-law.com

John A. Love
USDC WIED: 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: (404) 855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*